**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**IN RE:**

**ROBIN L. HILL**

**DEBTOR**

**CHAPTER 13**

**CASE NO. 13-50707**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on eight objections to claims filed by the Debtor [Docs. 22, 23, 24, 25, 26, 27, 28, and 30][1] and confirmation of the Debtor's chapter 13 plan [Docs. 2, 33]. Generally, the Debtor objects to each of these claims for lack of documentation and the alleged failure of each claimant to establish standing. The Debtor also argues that the creditors' failure to establish standing requires a finding that the claims are unenforceable; and thus, should be disallowed [Docs. 47, 58]. In response, the chapter 13 trustee disputes these contentions and asserts that the Debtor filed objections to valid claims in an attempt to reduce the amounts necessary to be paid into the chapter 13 plan to meet the liquidation test; and thus, the Debtor's plan is not proposed in good faith. None of the creditors filed a response to the objections. A hearing was held on January 9, 2014, following which, the Court took these the matters under submission.

**FACTS AND PROCEDURAL BACKGROUND**

The record reflects the following.

<u>The Debtor's Schedules</u>. The Debtor filed her voluntary chapter 13 petition on March 22, 2013. She listed the following relevant debts as Unsecured Nonpriority Claims on Schedule F:

---

[1] A ninth objection was filed, but upon opposition from the claimant, was withdrawn. [Docs. 29, 36].

| Creditor's Name | Account Number | Amount |
|---|---|---|
| Cap One | 5695 | $3,491.00 |
| HSBC | 5695 | $3,407.00 |
| Roaman's | 0-600 | $ 108.67 |
| Wfcb/hsn Wfnb | 4489 | $ 511.00 |
| Capital One, N.a. | 5021 | $7,850.00 |
| Gecrb/care Credit | 8515 | $1,929.00 |
| Gemb/shopnbc Plcc | 5084 | $ 950.00 |
| Gemb/walmart | 3839 | $ 767.00 |

None of these claims were listed as disputed, contingent or unliquidated.

The Proofs of Claims. Consistent with the Debtor's Schedule F, the following claims were filed:

1. Cavalry Portfolio Services [POC 1-1] filed an unsecured claim in the amount of $3,808.94 with an account number of 2068. The claim includes a "Bankruptcy Rule 3001(c)(3)(A) Statement" which provides that: (1) Capital One Bank (Usa), N.A. is the name of the entity from whom the creditor purchased the account; (2) HSBC Bank Nevada, N.A./Capital One Bank USA, N.A. is the name of the entity to whom the debt was owed at the time of the account holder's last transaction on the account; (3) February 16, 2012 is the last transaction date; (4) February 16, 2012 is the last payment date; and (5) September 29, 2012 is the account charge off date.

2. Quantum3 Group LLC as agent for Comenity Bank [POC 2-1] filed an unsecured claim in the amount of $296.91 with an account number of 0600. The claim includes "Bankruptcy Rule 3001(c) Account Information" which provides: (1) Comenity Bank is the original creditor (Roamans is the merchant); (2) Comenity Bank is entity to whom the debt was owed at the time of the account holder's last transaction on the account; (3) September 10, 2012 is the date of the last transaction; (4) January 13, 2012 is the last payment date; and (5) September 10, 2012 is the charge off date.

3. Quantum3 Group LLC as agent for Comenity Bank [POC 3-1] filed an unsecured claim in the amount of $688.68 with an account number of 4489. The claim includes "Bankruptcy Rule 3001(c) Account Information" which provides: (1) Comenity Capital Bank is the original creditor (HSN is the merchant's name); (2) Comenity Capital Bank is the entity to whom the debt was owed at the time of the last transaction; (3) October 11, 2012 is the date of the last transaction; (4) February 12, 2012 is the last payment date; and (5) October 11, 2012 is the charge off date.

4. <u>Oliphant Funding, LLC</u> [POC 4-1] filed an unsecured claim in the amount of $280.87 with an account number of 8495.  The claim includes a "Statement of Account" which provides: (1) ShopNBC is the original creditor; (2) the ShopNBC transactions and Affidavit; (3) February 24, 2012 is the last order date; (4) September 25, 2012 is the last payment date; and (5) September 25, 2012 is the charge off date.

5. <u>Portfolio Recovery Associates, LLC</u> [POC 5-1] filed an unsecured claim in the amount of $8,185.40 with an account number of 5021. The claim includes an "Account Summary" which provides: (1) the debt was purchased from CAPITAL ONE, NA; (2) the last transaction owner is CAPITAL ONE; (3) April 10, 2012 is the last transaction date is; (4) April 10, 2012 is the last payment date is; and (5) October 15, 2012 is the charge off date.

6. <u>Jefferson Capital Systems, LLC</u> [POC 6-1] filed an unsecured claim in the amount of $2,113.07 with an account number of 8515.  The claim includes an "Account Statement Summary" which provides: (1) the debt was purchased from COLLECT AMERICA, LTD; (2) the debt originated from GE MONEY RETAIL BANK; (3) October 7, 2012 is the last transaction date; (4) March 2, 2012 is the last payment date; and (5) October 7, 2012 is the charge off date.

7. <u>Portfolio Recovery Associates, LLC</u> [POC 9-1]  filed an unsecured claim in the amount of $973.22 with an account number of 5084.  The claim includes an "Account Summary" which provides: (1) the debt was purchased from GE CAPITAL RETAIL BANK; (2) the last transaction owner and original creditor is SHOPNBC; (3) January 23, 2012 is the last transaction date; (4) January 23, 2012, is the last payment date; and (5) August 29, 2012 is the charge off date.

8. <u>Portfolio Recovery Associates, LLC</u> [POC 10-1] filed an unsecured claim in the amount of $767.96 with an account number of 3839. The claim includes an "Account Summary" which provides: (1) the debt was purchased from GE CAPITAL RETAIL BANK; (2) the original creditor and last transaction owner is WALMART CREDIT CARD; (3) March 19, 2012 is the last transaction date; (4) March 19, 2012 is the last payment date; and (5) October 24, 2012 is the charge off date.

<u>The Objections</u>.  On November 5, 2013, the Debtor objected to all of the above claims. Each objection, after stating the claim to which it applies, sets forth the following specific objections:

   #.  The Debtors [sic] do not owe any money to [claimant's name] nor have Debtors had any credit relationship with it.

   #.  There is no documentation supporting the amount of the claim or the purported last transaction date.

    #. The creditor's Claim is based upon a writing. The Account Detail and the generic disclosure attached to the proof of claim does not satisfy the mandatory requirements of Fed. R. Bankr. Proc. 3001(c). Creditor's claim lacks *prima facie* validity.

    #. The Claim is not supported by any written evidence of an enforceable agreement or a contract that establishes the debt between the Debtors and creditor or between Debtors and [claimant's name].

    #. The attachment to the Claim does not quality as an "account summary" and is not sufficient to establish the *prima facie* validity of the proof of claim. The Claim is without any evidentiary value and is unenforceable against the Debtors and Debtors' property under any agreement or applicable law pursuant to 11 U.S.C. § 502(b)(1).

In addition, several of the objections contain allegations regarding either the lack or insufficiency of any "proof of assignment" in the claims.

Each objection requests relief as follows:

WHEREFORE, the Debtors [sic] pray of the Court as follows:

A. That the Court direct the Chapter 13 Trustee to strike the claim of [claimant's name];

B. That [claimant's name] be precluded from filing an amended, modified or substitute claim in this case; and

C. That the Debtors have such other and further relief as the Court may deem just and proper.

**ANALYSIS**

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (L). Venue is proper pursuant to 28 U.S.C. § 1409.

**Proof of Claim Issues.**

Bankruptcy Code § 502(a) provides:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a). If an objection to a claim is filed, § 502(b)(1) directs the Court to determine the amount of and allow such claim "except to the extent that such claim is unenforceable against the debtor… under any agreement or applicable law…" 11 U.S.C. § 502(b)(1).

Bankruptcy Rule 3001 governs the requirements of a proof of claim. Subsection (c) sets forth the supporting information required in various types of claims and subsection (f) provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). Effective December 1, 2012, Rule 3001(c) was amended to add paragraph (3) which provides:

> (3) *Claim based on an Open-End or Revolving Consumer Credit Agreement.*
>
> (A) When a claim is based on an open-end or revolving consumer credit agreement-except one for which a security interest is claimed in the debtor's real property-a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
>
> > (i) the name of the entity from whom the creditor purchased the account;
> > (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
> > (iii) the date of an account holder's last transaction;
> > (iv) the date of the last payment on the account; and
> > (v) the date on which the account was charged to profit and loss.
>
> (B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

FED. R. BANKR. P. 3001(c)(3).

The Advisory Committee Note to the 2012 Amendment provides:

> Subdivision (c) is further amended to add paragraph (3). Except with respect to claims secured by a security interest in the debtor's real property (such as a home equity line of credit), paragraph (3) specifies information that must be provided in support of a claim based on an open-end or revolving consumer credit agreement (such as an agreement underlying the issuance of a credit card). *Because a claim of this type may have been sold one or more times prior to the debtor's bankruptcy, the debtor may not recognize the name of the person filing the proof of claim. Disclosure of the information required by paragraph (3) will assist the debtor in associating the claim with a known account.* It will also provide a basis for assessing the timeliness of the claim. The date, if any, on which the account was charged to profit and loss ("charge-off" date) under subparagraph (A)(v) should be determined in accordance with applicable standards for the classification and account management of consumer

5

> credit. *A proof of claim executed and filed in accordance with subparagraph (A), as well as the applicable provisions of subdivisions (a), (b), (c)(2), and (e) constitutes prima facie evidence of the validity and amount of the claim under subdivision (f).*
>
> *To the extent that paragraph (3) applies to a claim, paragraph (1) of subdivision (c) is not applicable.* A party in interest, however, may obtain the writing on which an open-end or revolving consumer credit claim is based by requesting in writing that documentation from the holder of the claim. The holder of the claim must provide documentation with 30 days after the request is sent. The court, for cause, may extend or reduce that time period under Rule 9006.

FED. R. BANKR. P. 3001 advisory committee's note (2012) (emphasis added).

Based on the lack of any creditor response to her objections to claims, the Debtor requests that the Court set an evidentiary hearing "so that the Chapter 13 Trustee may put forth evidence of the ownership and amount of debt." [Doc. 47]. The Debtor suggests that the trustee will have the burden of proof as to the ownership and amount of the debt. The Debtor is incorrect.

The claims at issue are all subject to Rule 3001(c)(3) and each claim, as reviewed above, contains all or substantially all of the information required by Rule 3001(c)(3)(A). "A proof of claim may be *prima facie* valid despite noncompliance with Rule 3001(c)(3) if it provides sufficient indicia on the claim's validity and amount to justify imposing on the objector the burden and expense of responding with contrary evidence." In re Umstead, 490 B.R. 186, 194 (Bankr. E.D. Pa. 2013) (citations omitted). There is proper and sufficient documentation in each of the claims; and thus, the proofs of claim are *prima facie* evidence of the validity and the amount of the claims. FED. R. BANKR. P. 3001(f). As a result, at any evidentiary hearing, the Debtor would have the initial burden of proof to overcome the *prima facie* effect of Rule 3001(f) before the burden of going forward would shift to the creditor/claimant to prove the validity of the claim by a preponderance of the evidence. Allegheny Int'l, Inc. 954 F.2d, 167, 173-74 (3rd Cir. 1992).

6

In addition, the *prima facie* validity of the claims is established by the Debtor's schedules. "[I]f a proof of claim exactly or very closely correlates to the debtor's bankruptcy schedules, no further documentation may be necessary to establish the prima facie validity of the claim against the debtor." In re Samson, 392 B.R. 724, 733 (Bankr. N.D. Ohio 2008) (citations omitted); *see also* In re Borer, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) (citations omitted) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions."); In re Leonard, 151 B.R. 639, 643 (Bankr. N.D.N.Y. 1992) (a debtor's scheduling of debt constitutes an admission under Federal Rule of Evidence 801(d)(2)).  As set forth above, the Debtor has not contended that the debts are not owed.  With the exception of POC 1-1 and POC 4-1, Debtor has admitted in her Schedule F that a debt on the account number filed by the claimant is owed.  In POC 1-1, the claim identifies the scheduled creditor.  In POC 4-1, ShopNBC is identified as the original creditor and the schedules appear to list a debt owed to ShopNBC.  The Debtor's schedules constitute admissions that also establish the *prima facie* validity of the claims.

Finally, if the Debtor had a sincere question regarding the documentation underlying the claims, she could have made the written request to the creditor as provided in sub-part (B) of Rule 3001(c)(3).  Instead of complying with the procedural rules, the Debtor has pursued litigation.

**Standing Issues.**

Upon the Court's request for legal authority in support of the objections to claims, the Debtor filed her Memorandum [Doc. 58] characterizing her claim objections as objections to each claimant's standing because "the entity filing the claim has not shown that it is the real party in interest." [Doc. 58, p. 3].  Based on this contention, the Debtor argues that the claimants' failure to provide evidence of an enforceable agreement should result in the claims'

disallowance under § 502(b)(1). If Debtor's argument is correct, then a creditor's mere compliance with Rule 3001(c)(3) will never be sufficient to establish a valid claim.

As noted above, the Debtor has not requested a copy of the writing as allowed by Rule 3001(c)(3)(B); instead she filed the objections in an attempt to disallow the claims with no factual basis other than the "lack of documents," subsequently characterized as "lack of standing." Each case cited by the Debtor was decided prior to the effective date of the 2012 amendments to Rule 3001(c). One of those cases, In re Richter, 478 B.R. 30, 47 (Bankr. D. Colo. 2012) expressly recognized that the pending amendment will "remove open-ended credit agreements entirely from the Rule 3001(c)(1) documentation requirement and substitute a requirement specifically tailored to open-ended credit agreements."

The amendment matters. The requirements of amended Rule 3001(c)(3)(A) replaced the requirement of attaching the original contract unless the documents are requested from the claimant pursuant to Rule 3001(c)(3)(B). Umstead, 490 B.R. at 195. Courts within the Sixth Circuit have expressly addressed and rejected a standing objection where a claimant complies with Rule 3001(c)(3). As succinctly stated by Judge Rucker in In re Gorman, 495 B.R 823, 827 (Bankr. E.D. Tenn. 2013):

> An allegation of lack of documentation is not a valid objection even if the Debtors re-characterize it as an objection to standing. A valid objection to standing must raise a factual dispute about who is the holder of the claim. The Debtors must allege that, to the best of their knowledge, information, and belief, either (a) they owe someone else or (b) they do not owe the obligation at all. In addition the court does not find support for holding otherwise based on Debtor's desire to impose a heavier burden on creditors in order to lighten the Debtors' burden to review the proofs of claims which have been filed, especially when the burden is imposed by the Bankruptcy Code and Rules.

*Accord* In re Young, No. 12-14308, 2013 WL 3299251 *3 (Bankr. E.D. Tenn. Jul. 1, 2013) (citations omitted); In re Berardi, No. 12-35856\JHW, 2013 WL 6096227 (Bankr. D.N.J. Nov. 20,

2013); In re Heath, 331 B.R. 424 (B.A.P. 9th Cir. 2005) (decided before the effective date of the 2012 amendment to Rule 3001.).

"The claims process is intended to be a simple, manageable process—not one full of pitfalls that prevent legitimate claims from being paid. The harder courts make it for legitimate creditors to get paid, the farther they get from the goals of bankruptcy and the pursuit of justice." In re Crutchfield, 492 B.R. 60, 68 (Bankr. M.D. Ga. 2013); FED. R. BANKR. P. 1001 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."). The Debtor's objections appear to be attempts to prevent legitimate claims from being paid, and to create costs and time consuming difficulties for creditors in having to prove their claims in ways not required by the Bankruptcy Rules. The Debtor has made no allegation that the debts are owed to someone else, or that the debts are not owed at all. In short, the claimants' documentation is sufficient and the Debtor's standing arguments are without merit.

The Debtor has indicated that her plan requires amendment notwithstanding the Court's ruling on the claim objections. As a result, the issue of whether the plan is proposed in good faith shall not be determined at this time.

For the foregoing reasons,

IT IS HEREBY ORDERED that the claim objections [Docs. 22, 23, 24, 25, 26, 27, 28, and 30], are OVERRULED.

It is further ORDERED that the Debtor shall have 14 days within which to file an amended plan, and thereafter the chapter 13 trustee shall tender a proposed order continuing the confirmation hearing.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Friday, February 28, 2014
(tnw)**